UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50870
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

ROGELIO F. VILLARREAL,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(A-94-CR-136)
_____

May 22, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Rogelio F. Villarreal appeals the denial of his motion to
vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §
2255.  Villarreal contends that his trial counsel was ineffective
for (1) agreeing to a total of 240 pounds of marijuana in the
guilty-plea agreement, when Villarreal was involved with only 140
pounds; (2) failing to call the government informant at sentencing,
thereby denying Villarreal the opportunity to confront his accuser;

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

(3) failing to call the informant to testify as to what benefits he received as a government witness; (4) advising Villarreal to agree to waive his right to appeal and to proceed in a § 2255 motion; (5) not contesting the presentence report (PSR) and Villarreal's ability to pay a fine; (6) failing to object to the two-point enhancement for Villarreal's leadership role; (7) failing to object to information in the PSR that the confidential informant's statement that he had paid Villarreal $50,000 was corroborated by a trace of money deposited in Villarreal's bank account. Finally, he contends that counsel rendered ineffective assistance by failing to file a direct appeal.

We have reviewed the record and the briefs of the parties and conclude Villarreal has failed to show either that counsel's performance was deficient or that, but for counsel's alleged errors he would have insisted upon going to trial. Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995), cert. denied, __ U.S. __, 116 S.Ct. 957 (1996). Further, he has failed to show a reasonable probability that, but counsel's alleged errors, the result of his sentencing proceeding would have been different. Accordingly, we affirm essentially for the reasons given by the district court. United States v. Villarreal, No. A-95-CA-136 (W.D. Tex., Nov. 15, 1995).

AFFIRMED.